1  John E. Lord (CA SBN 216111)
   Email: jlord@onellp.com
2  ONE LLP
   9301 Wilshire Blvd, Penthouse Suite
3  Beverly Hills, CA 90210
   Telephone: (310) 866-5157
4  Facsimile: (310) 943-2085

5  Amanda G. Hyland (*admitted pro hac vice*)
   Email: ahyland@taylorenglish.com
6  William Scott Creasman (*admitted pro hac vice*)
   Email: screasman@taylorenglish.com
7  TAYLOR ENGLISH DUMA LLP
   1600 Parkwood Circle, Suite 400
8  Atlanta, GA  30339
   Telephone: (770) 434-6868
9  Facsimile: (770) 434-7376

10 *Counsel for Defendants*
   *Big Bang Vape Co., LLC, Unified Vape Distribution,*
11 *Inc., True Lab Creations, Inc., and Taylor Craig*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| MIKE SARIEDDINE, an individual<br><br>Plaintiff,<br><br>v.<br><br>BIG BANG VAPE CO., LLC, a Georgia limited liability company; UNIFIED VAPE DISTRIBUTION, INC., a Georgia corporation; TRUE LAB CREATIONS, INC. a Georgia corporation; TAYLOR CRAIG, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:17-cv-989-DSF-SK<br>Hon. Dale S. Fischer<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF ACTION**<br><br>Date:      June 3, 2019<br>Time:     1:30 p.m.<br>Crtrm.:    7D |

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR STAY OF ACTION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mike Sarieddine's claims in this case are predicated largely on his assertion of trademark priority and his two trademark registrations. However, in an order entered on April 17, 2019, Judge Anderson granted summary judgment to Alien Visions E-Juice, Inc. ("Alien Visions") in a similar action. In that order, Judge Anderson determined that there was no issue of fact that Alien Visions had priority over Sarieddine. Most importantly, as a result of Judge Anderson's Order and a subsequent stipulation between Mr. Sarieddine and Alien Visions, Judge Anderson has canceled Mr. Sarieddine's trademark registrations. This case should therefore be stayed, particularly during the pendency of Mr. Sarieddine's appeal of the Alien Visions case.

## II. FACTUAL BACKGROUND

Sarieddine filed the instant action in February 2017 against Defendants seeking damages, trademark cancelation, and an injunction, all based primarily on his purported nationwide priority stemming from his trademark registrations for "ALIEN VAPE"[1] (hereinafter "Sarieddine Registrations") and his asserted 2008 first use date. *See* Second Amended Complaint Counts I, II, V, and VI (Dkt. No. 174).

On May 1, 2018, Sarieddine filed a trademark infringement action against Alien Visions asserting the same two Sarieddine Registrations. *See* Dkt. No. 1 in *Sarieddine v. Alien Visions E-Juice, Inc., et al.;* Case No. 2:18-cv-3658-PA-MAA ("Alien Visions Case"),. Alien Visions counterclaimed for cancelation of the Sarieddine Registrations based on, *inter alia,* Alien Visions' years of priority and market penetration. *See* Alien Visions Case, Dkt. No. 31.

On April 17, 2019, Judge Anderson granted Alien Visions' motion for summary judgment as to liability, finding that it could not infringe Mr. Sarieddine's trademarks

---

[1] Those registrations are U.S. Trademark Registration No. 4,517,249 for the ALIEN VAPE logo with respect to e-cigarette vaporizers and U.S. Trademark Registration No. 4,997,336 for the work mark ALIEN VAPE with respect to various e-cigarette products.

1

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR STAY OF ACTION**

because it had priority over him. See Order attached as Exhibit A to Hyland Declaration. As to Alien Visions' counterclaim for cancellation of the Sarieddine Registrations based on priority, the Court concluded that Alien Visions has priority but that "the Court has not had occasion to consider whether there is a likelihood of confusion between the parties' marks." Id. at pp. 7, 9, 11.

On April 19, 2019, in order to clarify that no issues remained for trial, Sarieddine and Alien Visions entered a stipulation to the existence of a likelihood of confusion between the parties' marks in this case. See stipulation attached as Exhibit B to Hyland Declaration. Sarieddine and Alien Visions further submitted that there are no issues remaining for trial and that Alien Visions' alternative grounds for cancellation are now moot. Id. Thereafter, Judge Anderson canceled the Sarieddine Registrations. See Final Order attached as Exhibit C to Hyland Declaration. Sarieddine's counsel has stated that Sarieddine will appeal Judge Anderson's Order. Hyland Declaration ¶ 5.

## III.   ARGUMENT

### A.   A District Court has Discretion to Grant a Stay

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay on an action before it, pending resolution of independent proceedings which bear upon the case." Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). A district court weighs three factors when deciding a motion to stay:

> (1) the possible damage which may result from granting the stay,
> (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay.

CMAX, Inc. v. Hall, 300 F.3d 265, 268 (9th Cir. 1962). "Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR STAY OF ACTION**

the issues before the court, thereby substantially simplifying the issues presented." *Mendez v. Optio Solutions, LLC*, 239 F. Supp. 3d 1229, 1232 (S.D. Cal. 2017).

Here, all three *CMAX* factors favor a stay of this action to determine whether Sarieddine can continue to assert the Sarieddine Registrations. Indeed, Sarieddine's case is predicated on the validity of the Sarieddine Registrations. Those two registrations each created nationwide constructive notice of Sarieddine's claim of ownership of the marks, thereby precluding anyone else thereafter from claiming good faith, innocent use or expanded use of the same mark after the date of registration. 15 U.S.C. § 1115**Error! Bookmark not defined.**; *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 436 (9th Cir. 2017). Common-law trademark rights, on the other hand, "extend only to the territory where a mark is known and recognized." *Id*.

Thus, the relevant facts, dates, sales, experts, damages, and law all stand to change dramatically now that the Sarieddine Registrations are canceled, and once those cancellations are affirmed on appeal. Both parties and the Court would be severely prejudiced if they had to litigate, and adjudicate, claims for trademark infringement and cancelation of Big Bang's trademarks, all without finality as to the fate of the registrations. The potential for inefficiencies and injustice cannot be overstated.

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay and administratively terminate the instant action pending the latter of (1) Sarieddine's appeal, or (2) the expiration of his time to file a notice of appeal, if no such notice is filed.

Dated: April 29, 2019                          **ONE LLP**

/s/*John E. Lord*_____
John E. Lord

**TAYLOR ENGLISH DUMA LLP**

Amanda G. Hyland  (*admitted pro hac vice*)
W. Scott Creasman  (*admitted pro hac vice*)
Seth K. Trimble (admitted pro hac vice)

*Attorneys for Defendants
Big Bang Vape Co., LLC, Unified Vape Distribution, Inc., True Lab Creations, Inc., and Taylor Craig*